UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 05-470-KSF

THE CINCINNATI INSURANCE CO.                                                                 PLAINTIFF

V.                                               **OPINION & ORDER**

CROSSMAN COMMUNITIES, INC., *et al.*                                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on various motions of the parties. The court, having reviewed the record and being otherwise sufficiently advised, decides each motion as set forth below.

As a preliminary matter, the court will **GRANT** the motion (DE #98) of the plaintiff, The Cincinnati Insurance Company ("CIC"), to withdraw its motion to strike the motion of the defendant, Beazer Homes Investments, LLC ("Beazer"), for reconsideration. The court will **DENY** the motions (DE #100 and #104) of Beazer for oral argument as the issues are fully briefed and the court finds that oral argument is unnecessary to resolve the pending motions.

The court will **GRANT** the motion (DE #91) of the third-party defendant, Illinois Union Insurance Company ("Illinois Union"), to join the motion of CIC or, in the alternative, for summary judgment against Beazer. The language in the Illinois Union commercial general liability policy (the "CGL Policy") defining "occurrence" and "property damage" is practically identical to those same definitions in the policies issued by CIC and which were the subject of CIC's motion for judgment on the pleadings. As to CIC's motion, the court ruled that there was no occurrence and no property

damage under the present circumstances and, therefore, no coverage under the CIC policies. Despite the similar language and the court's ruling on the CIC policies, Illinois Union previously did not request judgment on those grounds; however, it did so in this motion. Since the same result is required when Indiana law is applied to the CGL Policy at issue here, the court will grant Illinois Union's motion to join in the motion of CIC or, in the alternative, for summary judgment.

For the reasons set forth below, the court will **DENY** Beazer's motions (DE #90 and #93) for reconsideration of the court's order for judgment on the pleadings in favor of CIC dated March 20, 2008, and the court's order for judgment on the pleadings in favor of Illinois Union dated March 28, 2008. The court will also **DENY** Beazer's alternative requests for the court to certify a question to the Indiana Supreme Court, to certify the matter for interlocutory appeal or for judgment pursuant to Federal Rule of Civil Procedure 54(b). The court will, however, enter judgment pursuant to Federal Rule of Civil Procedure 58 as the parties agree that, upon denial of the motions to reconsider, all matters between the parties have been resolved.

CIC filed this action on November 26, 2005, seeking declaratory judgment regarding coverage under the insurance policies described in the court's previous order and for breach of contract for the alleged failure of Beazer to maintain underlying insurance. Beazer counterclaimed against CIC and filed a third-party complaint against Illinois Union for breach of contract and declaratory judgment regarding coverage. Both CIC and Illinois Union filed motions for judgment on the pleadings which this court granted. In its orders, the court noted that the orders were interlocutory. These motions to reconsider followed.

In its motions for reconsideration, Beazer requests that the court reconsider its prior orders granting judgment on the pleadings in favor of CIC and Illinois Union. Although the Federal Rules

of Civil Procedure do not recognize a "Motion to Reconsider," a district court has an inherent power to amend interlocutory orders. *Al-Sadoon v. FISA Madison Financial Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002). The court interprets a motion for reconsideration of an interlocutory order as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Tritent Int'l Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005). If there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice, a court may grant a motion to amend or alter the judgment. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.,3d 804, 834 (6th Cir. 1999). In motions to reconsider, a party may not simply "reargue its prior position in the hope that the court will change its mind." *Al-Sadoon*, 188 F. Supp. 2d at 902.

Beazer makes no claim that there is newly discovered evidence or an intervening change in controlling law and Beazer does not argue that reconsideration is necessary to avoid manifest injustice. Instead, Beazer asserts that the court made errors of law in granting the motions for judgment on the pleadings. With regard to the court's order granting the CIC motion, Beazer argues that the court erred in holding that Beazer is not seeking coverage for "property damage" and that the water damage does not constitute "an occurrence" under the insurance policy. Beazer argues that the court ignored the insurance policies' plain language and that the court misinterpreted Indiana law. Beazer also argues that the court erred in determining that CIC's claim is not barred by collateral estoppel. With regard to the Illinois Union motion, Beazer argues that the court erred in holding that a "legal obligation" did not exist and that the court's order regarding the contractual liability exclusion was erroneous. Beazer also argues that the court's order contradicts Indiana law.

Beazer's arguments with regard to both motions are unpersuasive. Even if Beazer's arguments about Indiana law were accepted, they would at best demonstrate that Indiana courts could go both ways, not that there is clear error. Beazer fails to present new arguments; instead it simply restates its previous arguments which the court rejected. Beazer fails to demonstrate clear error in the court's prior rulings in favor of CIC and Illinois Union. Thus, the court will deny Beazer's motions for reconsideration.

Alternatively, Beazer requests that the court certify the following questions to the Indiana Supreme Court:

(1) Whether, under a post-1986 standard CGL policy issued to a general contractor, damage to components of a house caused by water intrusion resulting from other components defectively constructed by a subcontractor constitutes "property damage" caused by an "occurrence;" and

(2) Whether, under a standard CGL policy, insureds are only "legally obligated to pay," and thus insurers are only required to cover, costs incurred as a result of lawsuits filed by third-party claimants.

The questions that Beazer requests be certified to the Indiana Supreme Court are not new or unsettled. Thus, the court finds that this case does not satisfy the prerequisites for certification to the Indiana Supreme Court.

Beazer also makes requests that the court certify its interlocutory orders for appeal to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b) or amend its order to provide for appeal under Federal Rule of Civil Procedure 54(b). Since the parties all agree that all matters between CIC and Beazer and Illinois Union and Beazer have been resolved, the orders are no longer interlocutory and the court will enter a judgment in this case pursuant to Federal Rule of Civil Procedure 58 rather than under Federal Rule of Civil Procedure 54(b).

For the reasons set forth above, the court, being sufficiently advised, **ORDERS** as follows:

1. The motion of Illinois Union Insurance Company to join the motion of The Cincinnati Insurance Company or, in the alternative, for summary judgment (DE #91) against Beazer Homes Investments, LLC is **GRANTED**;

2. The motion (DE #98) of The Cincinnati Insurance Company to withdraw its motion to strike is **GRANTED**. The Cincinnati Insurance Company's motion to strike (DE #96) shall be stricken from the record;

3. The motions (DE #100 and #104) of Beazer Homes Investments, LLC for oral argument are **DENIED**;

4. The motion of Beazer Homes Investments, LLC for reconsideration of the court's March 20, 2008 order or in the alternative certification of question of law to the Indiana Supreme Court, entry of Rule 54(b) judgment and/or certification of interlocutory appeal (DE #90) is **DENIED**;

5. The motion of Beazer Homes Investments, LLC for reconsideration of the court's March 28, 2008 order or in the alternative certification of question of law to the Indiana Supreme Court, entry of Rule 54(b) judgment and/or certification of interlocutory appeal (DE #93) is **DENIED**; and

6. All matters having been resolved in this case, judgment shall be entered contemporaneously herewith this Opinion and Order pursuant to Rule 58.

This 26th day of June, 2008.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**